# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NIKKI COSHOW, as guardian of BEVERLY WILLIAMS, )<br><br>Plaintiff, )<br><br>v. )<br><br>PF Crystal Park SNF OPS, LLC, et al., )<br><br>Defendants. ) | Case No. CIV-24-1090-SLP |

## **O R D E R**

Before the Court is Defendants' Motion to Stay Case and Brief in Support [Doc. No. 22]. Plaintiff has filed a Response [Doc. No. 25] and opposes the requested relief.

Defendants previously filed a Statement of Death Upon the Record [Doc. No. 21] demonstrating the death of Beverly Williams and triggering the provisions of Fed. R. Civ. P. 25(a) which require, inter alia, substitution of the proper party or parties.[1]

Defendants subsequently filed the pending Motion, seeking a stay of this case pending substitution. In support, Defendants correctly assert that Plaintiff's attorney has no authority to act upon behalf of Plaintiff, Nikki Coshow, in her current capacity as guardian of now-deceased Beverly Williams, and further, that in that capacity, Plaintiff is no longer the real party in interest. *See* Defs.' Mot. at 3-7 (citing governing Oklahoma and federal law). On this basis, Defendants contend a stay is necessary.

---

[1] Under Rule 25(a)(1), a motion to substitute "may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). The action must be dismissed if no such motion is made "within 90 days after service of a statement noting the death." *Id.*

In Response, Plaintiff has shown that a petition to probate, and appointment of Plaintiff as personal representative of Ms. Williams, has been initiated in state court. Plaintiff acknowledges, however, that to date, no substitution has been made in this action. Plaintiff argues that the substitution is a "mere formality" and does not justify a stay. Plaintiff addresses factors governing the Court's discretion to stay a case. But Plaintiff wholly fails to address the requirements of Rule 25.[2]

The Federal Rules of Civil Procedure are not "mere formalities" but instead rules which govern these proceedings. Until such time as a substitution is properly made in this action, Plaintiff cannot proceed. Accordingly, the Court finds a stay is warranted.

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Case and Brief in Support [Doc. No. 22] is GRANTED and this case is STAYED, except that a party, or Beverly Williams' successor or representative, may file a properly supported and served motion for substitution pursuant to Rule 25(a). Responses to any such motion may be filed in accordance with the Federal Rules of Civil Procedure and this Court's local rules. If no timely and proper substitution is made pursuant to Rule 25(a), the action may be subject to dismissal.

IT IS FURTHER ORDERED that the Clerk of Court is directed to terminate Plaintiff's Motion to Compel and Brief in Support [Doc. No. 19], subject to reinstatement upon compliance with the substitution requirements of Rule 25(a).

---

[2] In any event, Plaintiff's Response, filed by Plaintiff *as guardian of* Beverly Williams, is a nullity. *See, generally*, *Kasting v. Am. Family Mut. Ins. Co*., 196 F.R.D. 595, 598 (D. Kan. 2000) (holding "once a plaintiff dies, [s]he is no longer a party to the case, and any motions filed on h[er] behalf are tantamount to no motion at all.").

IT IS SO ORDERED this 24th day of March, 2025.

                                                SCOTT L. PALK
                                                UNITED STATES DISTRICT JUDGE